STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
LEANNA MARIE SAC (Bar No. 206336)
  LMSac@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs and a class of similar
situated employees.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA—DISTRICT OF SACRAMENTO

| | |
|---|---|
| IRMA BARBOSA and CECILIA MATA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>DELTA PACKING COMPANY OF LODI, INC. AKA "DELTA FRESH"; SALINAS FARM LABOR CONTRACTOR, INC.; ERNIE COSTAMAGNA, an individual, ANNAMARIE COSTAMAGNA, an individual, and DOES 1-20<br><br>Defendants. | Case No.<br><br>**CLASS ACTION AND FLSA COMPLAINT FOR:**<br><br>1. **Federal Fair Labor Standards Act Violation;**<br>2. **Failure to Pay Minimum Wages;**<br>3. **Failure to Pay Overtime Wages;**<br>4. **Failure to Provide Timely and Complete Meal Periods or Pay Additional Wages in Lieu Thereof;**<br>5. **Failure to Provide Timely and Complete Rest Periods or Pay Additional Wages in Lieu Thereof;**<br>6. **Failure to Pay Wages of Terminated or Resigned Employees;**<br>7. **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;**<br>8. **Violation of Unfair Competition Law;**<br><br>**DEMAND FOR JURY TRIAL** |

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510 832.9999

CLASS ACTION AND FLSA COMPLAINT                                    *Case No.*:

1.     Plaintiffs Irma Barbosa and Cecilia Mata ("Plaintiffs") bring this action against Defendants Delta Packing Company of Lodi, Inc., Salinas Farm Labor Contractor, Inc., Ernie Costamagna, Annamarie Costamagna, and DOES 1-20 (collectively "Defendants"), individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this Complaint are based on the knowledge of Plaintiffs, except those allegations made on information and belief, which are based on the investigation of their counsel.

## I.     <u>NATURE OF THE ACTION</u>

2.      This is wage and hour class action to vindicate the rights afforded employees by federal and California labor laws.  This action is brought on behalf of Plaintiffs in three capacities: (a) individually; (b) as FRCP Rule 23 representative of a class or various subclasses of non-exempt employees employed by, or formerly employed by, Defendants; and (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)).

3.     This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including Plaintiffs and the Class, in conformance with federal and California laws. Defendants have employed Plaintiffs and the Class directly or as agents of one another, and/or are liable under California Labor Code § 2810.3 or § 558.1.

4.     The core violations Plaintiffs allege against Defendants are: (1) failure to pay all overtime wages owed (2); failure to pay all minimum wages owed; (3) failure to provide timely meal periods, and/or provide appropriate compensation in lieu thereof; and (4) failure to provide timely, complete, rest periods, and/or provide appropriate compensation in lieu thereof.

5.     Defendants have refused to pay the wages due and owed to Plaintiffs and Class members. As a result of these violations, Defendants have violated the Fair Labor Standards Act 29

**MALLISON &**
**MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                                                    *Case No.:*

U.S.C. § 216 and 216(b), as well as provisions of California labor laws, which in turn has resulted in additional violations entitling Plaintiffs and the Class to prompt payment of wages and penalties. Defendants committed the violations at issue and benefitted financially and/or professionally from these violations.

## II.   JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

7.      This action, and the causes of action hereunder, including state law claims, are subject to original jurisdiction in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the proposed class is a citizen of a state different than Defendants.

8.      This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

9.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the Defendants and Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## INTRADISTRICT ASSIGNMENT

11.     This case is properly assigned to the Sacramento Division of this Court because the action arose in San Joaquin County, California.  Local Rule 120(d).

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

2

CLASS ACTION COMPLAINT                                   *Case No.*:

## III.  **PARTIES**

### *Plaintiffs*

12.    Plaintiff IRMA BARBOSA ("Barbosa") is a resident of San Joaquin County, California.  At relevant times herein, she has been employed directly or jointly by Defendants and Does, as an employee on land owned, leased, and/or operated by Defendants and Does in and around San Joaquin County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Barbosa was hired by Defendants to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Barbosa worked for Defendants within the Intradistrict Venue of the Sacramento Division of the Eastern District, performing produce handling, sorting, and packing at various times during the Class Period through approximately June 2018, at agreed-upon wage rates that varied over her period of employment. Plaintiff Barbosa has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

13.    Plaintiff CECILIA MATA ("Mata") is a resident of San Joaquin County, California. At relevant times herein, she has been employed directly or jointly by Defendants and Does, as an employee on land owned, leased, and/or operated by Defendants and Does in and around San Joaquin County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Mata was hired by Defendants to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Mata worked for Defendants within the Intradistrict Venue of the Sacramento Division of the Eastern District, performing produce handling, sorting, and packing at various times during the Class Period through approximately June 2017, at agreed-upon wage rates

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                    *Case No.:*

1   that varied over her period of employment. Plaintiff Mata has suffered injury in fact and loss of

2   property as a result of Defendants' conduct described in this Complaint.

3          14.     Plaintiffs and the employees whom Plaintiffs seek to represent were regularly

4   subjected to, or had personal knowledge of, the violations described in this Complaint.

5                                          ***Defendants***

6          15.     The following allegations as to Defendants are made on information and belief, and

7   are likely to have evidentiary support after a reasonable opportunity for further investigation or

8   discovery.

9          16.     At all times relevant, Delta Packing Company of Lodi, Inc. (hereinafter "Delta

10  Packing"), a California limited liability company, conducted and conducts business in San Joaquin

11  County.  At all times relevant, Delta Packing owned, controlled, or operated a business or

12  establishment that employed persons within the meaning of the applicable Industrial Welfare

13  Commission Orders, and operated as a direct or joint employer of Class members in this case.

14  During all relevant times alleged herein, Delta Packing employed Plaintiffs and similarly situated

15  persons as non-exempt employees, or is liable for the payment of wages to Plaintiffs under

16  California Labor Code § 2810.3, and committed in California and in this District the acts

17  complained of herein.

18         17.     At all times relevant, Salinas Farm Labor Contractor, Inc. (hereinafter "Salinas

19  FLC"), a California limited liability company, conducted and conducts business in and around San

20  Joaquin County.  At all times relevant, Salinas FLC owned, controlled, or operated a business or

21  establishment that employed persons within the meaning of the applicable Industrial Welfare

22  Commission Orders, and operated as a direct or joint employer of Class members in this case.

23  During all relevant times alleged herein, Salinas FLC employed Plaintiffs and similarly situated

24

25

26

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                    *Case No.:*

1    persons as non-exempt employees and committed and/or caused in California and in this District

2    the acts and/or caused the violations complained of herein.

3          18.      At all times relevant, Defendant Ernie Costamagna was, on information and belief,

4    the Chief Executive Officer of Delta Packing, and was in charge of making major corporate

5    decisions and managing the operations of the corporation during the relevant time period. As such,

6    he was on notice, whether actual or constructive, of all of the violations described above, and failed

7    to prevent or address them. Defendant Ernie Costamagna controlled and caused the violations at

8    issue here either by making illegal policies, implementing illegal policies, or failing to correct

9    illegal policies. Defendant Ernie Costamagna is therefore liable as an employer under California

10   Labor Code § 558.1

11         19.      At all times relevant, Defendant Annamarie Costamagna was, on information and

12   belief, the Chief Financial Officer and Secretary of Delta Packing, and was in charge of making

13   major corporate decisions and managing the operations of the corporation during the relevant time

14   period. As such, she was on notice, whether actual or constructive, of all of the violations described

15   above, and failed to prevent or address them. Defendant Annamarie Costamagna controlled and

16   caused the violations at issue here either by making illegal policies, implementing illegal policies,

17   or failing to correct illegal policies. Defendant Annamarie Costamagna is therefore liable as an

18   employer under California Labor Code § 558.1

19         20.      Plaintiffs are informed and believe, and based thereon allege, that each Defendant

20   acted in all respects pertinent to this action as the agent of the other Defendants including Does,

21   carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of

22   each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each

23   of the defendants as well as all of them.

24

25

26

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                                          *Case No.:*

## IV.  **FACTUAL BACKGROUND**

21.     This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 and a Collective action pursuant to FSLA, 29 U.S.C. §216(b), to vindicate the rights afforded the class by the FLSA, California Labor Code, and California Business and Professions Code §§ 17200 et seq. This action is brought on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt employees employed, or formerly employed, by each of the Defendants within the State of California. This action seeks recovery for wages, compensation, and other relief due and owing to Plaintiffs and the Plaintiff Class members under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

22.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the agricultural packing industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices. The Defendants named herein engaged in the unlawful practices and policies alleged in this complaint, which are widespread and entrenched in the industry.  The practices of the industry are common or nearly uniform among many of the major companies which handle products after harvest.  The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiffs seeks to represent on a class basis.

23.     For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' hourly system of compensation, their meal and rest break practices, their practices around indemnification of expenditure by employees, and their record-keeping procedures.

24.     Defendants fail to compensate for all "hours worked" within the meaning of the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                                          *Case No.:*

IWC Wage Orders, and fail to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, uncompensated or undercompensated time spent on statutory rest breaks, work meetings, and other activities. By their conduct, Defendants make clear that they are intentionally and maliciously subverting California minimum wage requirements and federal and California overtime wage requirements, resulting in loss of property to Plaintiffs and the Class as a result of Defendants' payroll policies.

25.     Under the meal period policies, Defendants fail to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete and/or untimely meal periods.

26.     Under the rest break policies, Defendants failed to provide employees: (a) at least two (2) rest breaks for shifts greater than six hours, and/or three (3) rest breaks for shifts greater than ten hours, (b) net ten-minute rest breaks, and (c) timely rest breaks. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete, and/or untimely rest breaks. Finally, Defendants had a policy of discouraging and preventing employees from taking proper full rest breaks.

27.     Under the record-keeping policies, Defendants willfully provide inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Defendants also fail to maintain accurate time-keeping records.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                                    *Case No.*:

28.     Plaintiffs, on behalf of themselves and all other non-exempt employees employed by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this action pursuant to California Labor Code §§ 201, 202, 203, 204, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 226.7, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, and Business & Professions Code §§ 17200 *et seq.* seeking unpaid and underpaid wages, premium wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, interest, waiting time penalties,  injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws.

29.     Plaintiffs, on behalf of themselves and all FLSA Collective Members, pursuant to FLSA, 29 U.S.C. §§ 201, *et seq.*, seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

30.     Plaintiffs allege that Defendants (including some Does), and each of them, are employers with respect to any Plaintiffs or similarly situated employees and/or are liable for the payment of wages to Plaintiffs under California Labor Code § 2810.3.

31.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiffs and similarly situated employees, and intentionally refused to rectify their unlawful policies.

32.     Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                                                 *Case No.:*

33.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they have not implemented an adequate record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

34.     Defendants have failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiffs and the members of the proposed class.  Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## V.   <u>CLASS ACTION ALLEGATIONS</u>

35.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following Class, composed of, and defined, as follows:

> **DELTA PACKING CLASS:** All non-exempt persons who are or have been employed by Defendants in the State of California at any time within four (4) years of the filing of the Initial Complaint in this action.

36.     Plaintiffs may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

37.     Plaintiffs also seek to represent the following opt-in FLSA Collective:

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                                     *Case No.*:

**DELTA PACKING FLSA COLLECTIVE:** All non-exempt persons who are or have been employed by Defendants in the State of California within three (3) years of the filing of this Complaint through the date of final disposition of this action.

## A.  Numerosity

38.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed over two-hundred employees in the State of California and who are, or have been, affected by Defendants' unlawful practices as alleged herein and may have employed several hundred such employees over the class period.

39.     Upon information and belief, Plaintiffs allege that Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

## B.  Commonality

40.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.     Whether Defendants failed and continue to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201, et seq.;

b.     Whether Whether Defendants violated the California Labor Code and applicable wage orders by not properly compensating Class members, including Plaintiffs, for all hours worked;

c.     Whether Defendants violated California Labor Code and applicable wage orders

10

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

1    by (i) failing to provide Class members, including Plaintiffs, timely meal

2    periods of at least thirty (30) minutes per five (5) hours worked, and a second

3    meal period for shifts of greater than 10 hours and greater than 12 hours; (ii)

4    failing to provide net thirty (30) minute meal periods because managers and

5    supervisors required employees to return to work before meal break; and (iii)

6    failing to compensate employees an additional hour of pay in lieu of meal

7    periods, in violation of California law and public policy;

8

9    d.    Whether Defendants violated California Labor Code and applicable wage orders

10    by (i) failing to provide Class members, including Plaintiff, paid daily rest

11    breaks at the rate of one rest period for shifts between 3.5 and 6 hours, two rest

12    breaks for shifts greater than 6 hours up to 10 hours, three rest breaks for shifts

13    greater than 10 hours up to 14 hours, and so on, and (ii) failing to compensate

14    employees an additional hour of pay in lieu of rest breaks, in violation of

15    California law and public policy, and (ii) discouraging and preventing

16    employees from taking rest breaks by only permitting breaks by instruction of

17    managers;

18

19    e.    Whether Defendants violated California Labor Code and applicable wage orders

20    by failing to, among other violations, maintain accurate records of employees'

21    earned wages and work periods, properly itemize in wage statements all hours

22    worked and wages earned, and accurately maintain records pertaining to

23    Plaintiffs and the Class they seeks to represent;

24    f.    Whether Defendants violated California Labor Code and applicable wage orders

25    by failing to pay all earned wages and/or premium wages due and owing at the

26

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT           *Case No.*:

time that Plaintiffs' or any Class member's employment with Defendants terminated;

g.  Whether Defendants violated § 17200 et seq. of the California Business and Professions Code by unlawfully deducting wages, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage rates below the minimum and premium overtime wage and converting same to Defendants' own use; failing to provide proper meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to provide paid proper rest periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest periods due and owing at the time a Class Member's employment with Defendants terminated, and failing to keep accurate records causing injury to employees;

h.  Whether Defendants violated FLSA as a result of the Labor Code and applicable wage order violations described above and in this Complaint;

i.  Whether Defendants violated § 17200 *et seq.* of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

j.  Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive, and other equitable relief pursuant to Business and Professions Code § 17200, *et*

12

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1   *seq.*

2   k.   Whether Plaintiffs and the Class are entitled to damages, restitution, statutory

3        penalties, declaratory, injunctive and declaratory relief, attorney's fees and

4        costs, and other relief pursuant to the California Labor Code, the applicable

5        wage orders, and Business and Professions Code § 17200, *et seq.*

6

**C.  Typicality**

7

8   41.   The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs

9   and all members of the Class sustained injuries and damages arise out of, and were caused by,

10  Defendants' common course of conduct in violation of Federal and California laws, regulations,

11  and statutes as alleged herein.

12

**D.  Adequacy of Representation**

13  42.   Plaintiffs will fairly and adequately represent and protect the interests of the

14  members of the Class. Counsel who represent Plaintiffs are competent and experienced in litigating

15  large employment class actions.

16

**E.  Superiority of Class Action**

17  43.   A class action is superior to other available means for the fair and efficient

18  adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

19  questions of law and fact common to the Class predominate over any questions affecting only

20  individual members of the Class.  Each member of the proposed Class has been damaged and is

21  entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

22  compensate Class Members for all wages earned and engaging in the unlawful practices herein

23  complained of, and denying Class Members rest and meal periods without legal compensation.

24  44.   Class action treatment will allow those similarly situated persons to litigate their

25

26

13

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual class members have any interest in individually controlling separate actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

45.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## VI.   <u>CLAIMS FOR RELIEF</u>

### <u>FIRST CLAIM FOR RELIEF</u>

### VIOLATION OF FLSA

*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207 and 255(a)
*Failure to Pay Overtime Wages*

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

46.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

47.     At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

48.     Defendants are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

49.     Defendants routinely required and/or suffered or permitted Plaintiffs and similarly situated workers to work more than 40 hours per week, and routinely without paying them all overtime premium wages owed for hours worked in excess of 40 hours per week.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                      *Case No.:*

50. On information and belief, Defendants Ernie Costamagna and Annamarie Costamagna exercised significant control over the operations of Defendant Delta Packing. On information and belief, Defendants Ernie Costamagna and Annamarie Costamagna had the authority to hire and fire employees, and had authority over the finances of the company, such as to render them personally liable for violations of the FLSA.

51. In failing to pay Plaintiffs and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendants willfully violated the FLSA.

52. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs and similarly situated workers incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

53. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and similarly situated workers their proper wages, and thus Defendants are liable to Plaintiffs and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA. Plaintiffs, including Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, Defendants are liable for all legally available remedies including those aforementioned in this complaint.

54. Wherefore, Plaintiffs and the Class request relief as described herein and below.

//

//

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

15

CLASS ACTION COMPLAINT                                    *Case No.*:

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES
### (CAL. LABOR CODE §§1194, 1194.2, 510, 1197, AND WAGE ORDERS)

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

55.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

56.     California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

57.     The Defendants failed to pay minimum wages for "all hours worked." In particular, Plaintiffs and the Class were required to work "off the clock" by, for example, being required to arrive early so as not to be locked out of the premises, and to ensure that they would find a parking space as there were insufficient parking but, not allowed to clock in at their time of arrival, having to wait instead for their scheduled start time.

58.     As a result of Defendants' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

59.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the Class for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud Plaintiffs and the Class, in violation of California Labor Code § 226.6.

60.     California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates

16

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

> or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

61.     Defendants' violation of § 226 also constitutes a misdemeanor, pursuant to §226.6, and a predicate violation of California Business & Profession Code §§ 17200 *et seq.*

62.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

As such, Plaintiffs and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

63.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.  California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

64.     As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders.  Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

65.     Under California Labor Code § 2810.3, a client employer shall share with a labor

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                                    *Case No.:*

contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Delta Packing is liable for the violations herein alleged, regardless of the extent to which Defendant Salinas FLC may have created such violations.

66.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Ernie Costamagna and Annamarie Costamagna are liable for the violations herein alleged.

67.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

## THIRD CLAIM FOR RELIEF

**FAILURE TO PAY OVERTIME WAGES**
**(CAL. LABOR CODE §§510, 1194, 1194.2, AND WAGE ORDERS)**

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

68.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

69.     California Labor Code § 510 states:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

The identical provision is found in the applicable IWC Wage Orders, which are authorized under California Labor Code § 1185.

70.     California Labor Code § 500 defines, "workday" and "day" to mean any

18

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

71.     As described herein, Defendants violated California Labor Code § 510 and IWC Wage Orders by failing to pay workers who were required to work more than 8 hours in one workday or 40 hours in one work week overtime wages. Defendants also violated the California Labor Code and IWC Wage Orders by compensating Plaintiffs and the Class at rates lower than the applicable overtime premium wage rate.

72.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders.  Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

73.     Under California Labor Code § 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Delta Packing is liable for the violations herein alleged, regardless of the extent to which Defendant Salinas FLC may have created such violations.

74.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Ernie Costamagna and Annamarie Costamagna are liable for the violations

19

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1    herein alleged.

2         75.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

3                        **FOURTH CLAIM FOR RELIEF**

4
     **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**
5                  (CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS)

6                    (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

7         76.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

8         77.     Plaintiffs allege that the Class Members were not provided timely, full statutory

9
     thirty (30) minute meal periods while in the employ of Defendants.
10
11        78.     California Labor Code § 226.7 states:

12   (a) No employer shall require any employee to work during any meal or rest period
     mandated by an applicable order of the Industrial Welfare Commission.
13
     (b) If an employer fails to provide an employee a meal period or rest period in
14   accordance with an applicable order of the Industrial Welfare Commission, the
     employer shall pay the employee one additional hour of pay at the employee's regular
15   rate of compensation for each work day that the meal or rest period is not provided.

16        79.     The applicable IWC Wage Orders state in regard to meal breaks:

17   (A)   No employer shall employ any person for a work period of more than five (5)
     hours without a meal period of not less than 30 minutes, except that when a work
18   period of not more than six (6) hours will complete the day's work the meal period
     may be waived by mutual consent of the employer and employee.   Unless the
19   employee is relieved of all duty during a 30-minute meal period, the meal period shall
     be considered an "on duty" meal period and counted as time worked.  An "on duty"
20   meal period shall be permitted only when the nature of the work prevents an employee
     from being relieved of all duty and when by written agreement between the parties
21   an on-the-job paid meal period is agreed to.  The written agreement shall state that
     the employee may, in writing, revoke the agreement at any time.
22
     (B)   If an employer fails to provide an employee a meal period in accordance with
23   the applicable provisions of this Order, the employer shall pay the employee one (1)
     hour of pay at the employee's regular rate of compensation for each workday that the
24   meal period is not provided.

25
     A similar provision is contained in Labor Code § 512.
26

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                    *Case No.:*

80.     Employees are entitled to at least one meal period for shifts between 5 and 10 hours, and two meal periods for shifts greater than 10 hours. For normal shifts the first meal period must occur before the fifth (5th) hour, and the second meal period before the tenth (10th) hour, unless other factors render such schedule impracticable.

81.     Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of meal periods, failing to schedule meal periods timely, and failing to authorize and permit net thirty (30) minute meal periods. On information and belief, it was not impracticable for Defendants to schedule meal periods appropriately.  Same Defendants are liable as a result of Labor Code section 558.1.

82.     On information and belief, Defendants automatically deducted 30 minutes' meal period from employee timekeeping records, regardless of whether a full 30-minute meal period was actually taken.

83.     On information and belief, Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.

84.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiffs and Class Members.

85.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510 832 9999

CLASS ACTION COMPLAINT                                              *Case No.*:

86.     Under California Labor Code § 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Delta Packing is liable for the violations herein alleged, regardless of the extent to which Defendant Salinas FLC may have created such violations.

87.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Ernie Costamagna and Annamarie Costamagna are liable for the violations herein alleged.

88.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

**FIFTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE PROPER TIMELY PAID REST PERIODS OR COMPENSATION IN LIEU THEREOF**
(CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS)

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

89.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

90.     Plaintiffs allege that the Class Members were not provided full statutory ten-minute rest periods while in the employ of Defendants.

91.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission,

22

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

92.    The applicable IWC Wage Orders state in regard to rest breaks:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

A similar provision is contained in Labor Code § 512.

93.    Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours. For normal shifts the first rest break must occur before the meal break and the second rest break after the meal break, unless other factors render such schedule impracticable.

94.    Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of rest breaks, failing to provide net ten minute rest breaks, failing to schedule rest breaks timely, failing to authorize and permit paid rest breaks and failing to pay additional rest break wages, and discouraging and preventing employees from taking rest breaks. On information and belief, it was not impracticable for Defendants to schedule rest breaks appropriately.  Same Defendants are liable as a result of Labor Code section 558.1.

95.    On information and belief, Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from

23

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion. On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take proper timely paid rest periods.

96.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest period compensation due Plaintiffs and Class Members.

97.     As a result of the unlawful acts of Defendants' actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

98.     Under California Labor Code § 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Delta Packing is liable for the violations herein alleged, regardless of the extent to which Defendant Salinas FLC may have created such violations.

99.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Ernie Costamagna and Annamarie Costamagna are liable for the violations herein alleged.

100.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT                                    *Case No.*:

# SIXTH CLAIM FOR RELIEF

## FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION
### (CAL. LABOR CODE §§201, 202, 203)

### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

101.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

102.   California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

103.   California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

104.   As described above, Defendants failed to timely pay Plaintiffs and the Class Members all of their wages due for work performed and this failure continued through the time in which Plaintiffs and Class Members quit or were discharged from their employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

105.   California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                        *Case No.*:

106.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.  Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs are entitled to thirty (30) days' wages including overtime.

107.     Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, and other owed wages but to date have not received such compensation therefore entitling them to Labor Code § 203 penalties.

108.     More than thirty (30) days have passed since affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members who are no longer employed by Defendants are entitled to thirty (30) days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

109.     Under California Labor Code § 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Delta Packing is liable for the violations herein alleged, regardless of the extent to which Defendant Salinas FLC may have created such violations.

110.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                          *Case No.*:

1  causes to be violated any provision regulating minimum wages or hours and days of work in any

2  order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§

3  203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

4  Therefore, Defendants Ernie Costamagna and Annamarie Costamagna are liable for the violations

5  herein alleged.

6      111.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

7                          **SEVENTH CLAIM FOR RELIEF**

8

9              **KNOWING AND INTENTIONAL FAILURE TO COMPLY**
               **WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**
10                  (CAL. LABOR CODE §§226, 1174, 1175)

11                  (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

12     112.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

13     113.    California Labor Code Section 226(a) states:

14             Every employer shall, semimonthly or at the time of each payment of wages,
               furnish each of his or her employees, either as a detachable part of the check,
15             draft, or voucher paying the employee's wages, or separately when wages are
               paid by personal check or cash, an accurate itemized statement in writing
16             showing

17             (1) gross wages earned, (2) total hours worked by the employee, . . .(5) net
               wages earned, . . .
18

19     114.    Defendants failed to provide "accurate itemized statements" to employees because

20  the wage statements:

21             a.    Falsely understated Plaintiffs' and the Class Members' gross and net wages
                     earned by failing to pay for all hours worked and for premium wages;
22
               b.    Falsely understated the total hours worked by Plaintiffs and the Class
23                   Members by ignoring the total of hours actually worked;

24             c.    Falsely understated Plaintiffs' and Class Members' "number of hours
                     worked at each hourly rate";
25

26     115.    California Labor Code §§ 226(e) and (g) provide for the remedy for the violations

                                            27

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                        *Case No.:*

described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

116.     In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to fully comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721.

117.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

118.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

28

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

Therefore, Defendants Ernie Costamagna and Annamarie Costamagna are liable for the violations herein alleged.

119.   Wherefore, Plaintiffs and the Class request relief as described herein and below.

**EIGHTH CLAIM FOR RELIEF**

**VIOLATION OF UNFAIR COMPETITION LAW**
(CAL. BUS. & PROF. CODE §§17200 *ET SEQ*.)

(ALL PLAINTIFFS AGAINST DEFENDANTS DELTA PACKING AND SALINAS FLC)

120.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

121.   As described above, Defendants Delta Packing and Salinas FLC have violated the following California laws and all others referred to implicitly or expressly in this complaint:

    a.   violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

    b.   violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

    c.   violation of California Labor Code § 203 (relating to the failure to pay wages upon termination of employment);

    d.   violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

    e.   violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

    f.   violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

    g.   violation of California Labor Code § 226.7 (relating to proper compliance with rest and meal period requirements and the failure to pay premium wages when the rest

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION COMPLAINT          *Case No.*:

and meal break requirements are not met);

h.   violation of California Labor Code § 510 (relating to the failure to compensate at the regular rate "all hours worked," and at the rate of no less than one and one-half times the regular rate of pay for all work in excess of ten hours in one workday and any work in excess of 60 hours in any workweek);

i.   violation of California Labor Code § 1194 (relating to failure to pay minimum and/or overtime wages for all hours worked);

j.   violation of California Labor Code § 1194.2 (relating to liquidated damages for failure to pay minimum wages for all hour worked);

k.   violation of California Labor Code § 1197 (relating to failure to pay at least the minimum wage for all hours worked); and

l.   violation of California Labor Code § 2802 (relating to failure to reimburse for necessary business expenditures)

122.   The activities of Defendants Delta Packing and Salinas FLC also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*., because Defendants Delta Packing and Salinas FLC's practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, the public, and the Class.

123.   Plaintiffs and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

124.   As a result of their unlawful acts, Defendants Delta Packing and Salinas FLC have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs, and the Class they seek to represent. Defendants Delta Packing and Salinas FLC should be enjoined from

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.

125.    Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer Defendants Delta Packing and Salinas FLC's failure to pay legal wages, and/or other compensation for untimely and/or incomplete meal periods, and compensation for unprovided, untimely, and/or unpaid rest periods to Plaintiffs and members of the Plaintiff Class.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the Plaintiff Class are prejudiced by the unfair trade practices of Defendants Delta Packing and Salinas FLC.

126.    As a direct and proximate result of the unfair business practices of Defendants Delta Packing and Salinas FLC, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and Class Members as a result of the business acts and practices described herein and enjoining Defendants Delta Packing and Salinas FLC to cease and desist from engaging in the practices described herein.

127.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants Delta Packing and Salinas FLC will not continue such activity into the future. Plaintiffs allege that if Defendants Delta Packing and Salinas FLC are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require Defendants' non-exempt employees to work "off the clock" without compensation, will continue to require non-exempt employees to work during meal periods, will continue to fail to provide proper paid rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                                    *Case No.*:

avoid paying appropriate taxes, insurance, and unemployment withholdings.

128.    Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting Defendants Delta Packing and Salinas FLC from requiring Plaintiffs and the Class they seek to represent to work "off the clock" without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation, enjoining Defendants Delta Packing and Salinas FLC from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

129.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

## VII.  **PRAYER**

WHEREFORE, Plaintiffs and the Class pray for judgment as follows:

A.    That the Court determine that this action may be maintained as a class action or actions;

B.    That the Court determine that this action may be maintained as a FLSA collective action or actions;

C.    For compensatory damages including wages and overtime wages in an amount according to proof with interest thereon;

D.    For a declaratory judgment that each of the Defendants violated the Plaintiffs', the Class's, and the FLSA Collective's rights under FLSA, 29 U.S.C. § 201 *et seq*., the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

E.    Award each Plaintiff and proposed Class Member statutory damages or, in the alternative, actual and liquidated damages for Defendants' violations of FLSA;

F.    That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 et seq.;

32

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

G.    That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

H.    That Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

I.    For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the FLSA;

J.    That Defendants be enjoined from further acts of restraint of trade or unfair competition;

K.    For premium wages pursuant to Labor Code §§ 226, 226.7 and 510;

L.    For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code §1194.2;

M.    For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 1174.5, 1194, 1194.2, and 1197.1 relating to all facts alleged in the complaint;

N.    An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§218.5, 218.6, 226, 1194, 2699(g), and/or other applicable law;

O.    For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

P.    For such other and further relief as the Court deems just and proper.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                              *Case No.:*

1    Q.    Injunctive relief;

2  **VIII.  <u>DEMAND FOR JURY TRIAL</u>**

3        Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

4  Respectfully submitted,

5

6  Dated:  May 29, 2020          **MALLISON & MARTINEZ**

7

8

9

                                By:  /s/ Leanna Marie Sac
10
                                    Stan S. Mallison
11                                  Hector R. Martinez
                                    Leanna M. Sac
12                                  Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MALLISON &
MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California  94612
510.832.9999

CLASS ACTION COMPLAINT                                      *Case No.:*