STAN S. MALLISON (Bar No. 184191)
stanm@themmlawfirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
hectorm@themmlawfirm.com
LILIANA GARCIA (Bar No. 311396)
lgarcia@themmlawfirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs and a class of similarly situated employees

*[Additional Counsel Continued On Next Page]*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA BARBOSA and CECILIA MATA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>DELTA PACKING COMPANY OF LODI, INC. AKA "DELTA FRESH"; SALINAS FARM LABOR CONTRACTOR, INC.; ERNIE COSTAMAGNA, an individual, ANNAMARIE COSTAMAGNA, an individual, and DOES 1-20<br><br>Defendants. | **Case No. 20-cv-01096-TLN-KJN**<br><br>**STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER**<br><br>Trial Date: Not Set |

1

STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER
Case No. 20-cv-01096-TLN-KJN

CHRISTINA C. TILLMAN (Bar No. 258627)
christina.tillman@mccormickbarstow.com
MELISSA K. CERRO (Bar No. 304268)
melissa.cerro@mccormickbarstow.com
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendants, DELTA PACK COMPANY OF LODI, INC. AKA "DELTA FRESH," ERNIE COSTAMAGNA, and ANNAMARIE COSTAMAGNA

RONALD H. BARSAMIAN (Bar No. 81531)
PATRICK S. MOODY (Bar No. 156928)
FAITH L. DRISCOLL (Bar No. 291486)
BARSAMIAN & MOODY
A Professional Company
Attorneys at Law
1141 W. Shaw Avenue, #104
Fresno, California 93711
Telephone: (559) 248-2360
Facsimile: (559) 248-2370
Email: *laborlaw@theemployerslawfirm.com*

Attorneys for Defendant, SALINAS FARM LABOR CONTRACTOR, INC.

2

STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER
Case No. 20-cv-01096-TLN-KJN

This stipulation ("Stipulation") is made between Plaintiffs Irma Barbosa and Cecilia Mata, on behalf of themselves and those similarly situated, and Defendants Delta Packing Company of Lodi, Inc. also known as "Delta Fresh," Salinas Farm Labor Contractor, Inc., Ernie Costamagna, and Annamarie Costamagna (hereinafter collectively, "Parties"), based on the following:

## RECITALS

1. Plaintiffs filed their Class Action and FLSA Complaint against Defendants on May 29, 2020. Three days later, on June 1, 2020, the Court issued an Initial Pretrial Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Dkt. No. 3. The Parties believed that the dates proposed in the Initial Scheduling Order would later be modified during a Status Conference held on a date to be set by the Court.

2. On July 16, 2020, the Parties discussed the anticipated Status Conference and determined that Counsel for Defendants Delta Packing Company of Lodi, Inc. aka "Delta Fresh," Ernie Costamagna, and Annamarie Costamagna would draft the Joint Status Conference Report after the date for a Status Conference was set by the Court. The Joint Status Conference Report was not drafted by Counsel for the Defendant because the Status Conference was not set by the Court. However, this communication evidences the Parties' shared understanding that a Status Conference would occur.

3. On November 2, 2020, the Parties met and conferred pursuant to FRCP Rule 26(f) and agreed that postponing Initial Disclosures would allow the Parties to avoid potentially unnecessary litigation costs. On November 10, 2020, the Parties filed a Joint Stipulation and Order to Continue Time for Initial Disclosures continuing the deadline for Initial Disclosures until ninety (90) days following the original November 16, 2020 deadline. Dkt. No. 13. 4. On February 12, 2021, Plaintiffs filed their Initial Disclosures. On February 16, 2021, Defendants filed their Initial Disclosures.

4. At the 26(f) meet and confer on November 2, 2020, the Parties did not stipulate to the continuation of other due dates because they anticipated doing so at a Status Conference. However, the Parties have not attended a Joint Status Conference and therefore have not modified any other deadlines. For this reason, all due dates in effect, aside from the deadline for the Initial Disclosures, are those set forth in the Initial Pretrial Scheduling Order.

3

STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER
Case No. 20-cv-01096-TLN-KJN

5. The Initial Pretrial Scheduling Order states that "All discovery, with the exception of expert discovery, shall be completed no later than two hundred forty (240) days from the date upon which the last answer may be filed with the Court pursuant to the Federal Rules of Civil Procedure." Defendants consented to Plaintiffs' request to waive service of summons pursuant to Federal Rule of Civil Procedure 4. The date upon which the last answer could be filed with the Court was determined to be June 25, 2020.

6. According to the Initial Scheduling Order, all discovery is to be completed by April 21, 2021. However, the deadline for the Initial Disclosures was extended and the Initial Disclosures from the Parties were not filed until February 12, 2021 by Plaintiffs, and February 16, 2021 by Defendants. The Initial Disclosures were made by Parties just sixty-six (66) days ago and the Parties cannot reasonably be expected to complete all discovery in the short amount of time following Initial Disclosures.

7. There is good cause to modify the Initial Scheduling Order because it will allow the Parties to complete discovery and the Court to decide the case on the merits. The Parties could not begin the process of discovery until after the 26(f) meet and confer on November 2, 2020. Discovery between June 25, 2020 and November 2, 2020 was falsely recognized in the Initial Scheduling Order, despite the fact that this time was not actually being available to the Parties to engage in discovery. All Parties were under the same reasonable impression that deadlines were to be modified at a Status Conference after the creation of the Initial Scheduling Order. If the stipulation to modify the Initial Scheduling Order is denied, the Parties will suffer severe prejudice.

## **STIPULATION**

NOW THEREFORE, the Parties hereby agree and stipulate that, subject to the Court's order, the Initial Pretrial Scheduling Order to be modified as follows:

(a) The Parties must complete all class discovery by April 21, 2022;

(b) The Parties designate in writing and file with the Court the name, address, and area of expertise of each expert they proposed to tender at trial not later than sixty (60) days after the close of discovery on April 21, 2022;

(c) The Parties must file for Class Certification by July 21, 2022; and

(d) Deadline to complete merits discovery and trial shall be set after the Court's order on Plaintiffs' Motion for Class Certification.

4
STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER
Case No. 20-cv-01096-TLN-KJN

SO STIPULATED.

Dated: April 23, 2021

Respectfully submitted,

By: <u>/s/ Hector R. Martinez</u>

Hector Martinez
Liliana Garcia
MALLISON & MARTINEZ
Attorneys for Plaintiffs

By: <u>/s/ Christina Tillman</u>

Christina Tillman
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
Attorneys for Defendants

By: <u>/s/ Patrick Moody</u>

Patrick Moody
BARSAMIAN & MOODY
Attorneys for Defendants

# ORDER

After consideration of the Stipulation, the Court's file in this action, and good cause appearing to modify the Initial Pretrial Scheduling Order (Dkt. No. 3), the Court modifies its Initial Pretrial Scheduling Order as follows:

(a) The Parties must complete all class discovery by April 21, 2022.

(b) The Parties must designate in writing and file with the Court the name, address, and area of expertise of each expert they proposed to tender at trial not later than sixty (60) days after the close of discovery on April 21, 2022.

(c) The Parties must file for Class Certification by July 21, 2022.

(d) The Parties' Deadline to complete merits discovery and trial shall be set after the Court's order on Plaintiffs' Motion for Class Certification.

IT IS SO ORDERED.

Dated: April 26, 2021

Troy L. Nunley
United States District Judge