UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA BARBOSA, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>DELTA PACKING CO. OF LODI, INC., et al.,<br><br>        Defendants. | No. 2:20-cv-1096-TLN-KJN<br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL<br><br>(ECF No. 23.) |

    Plaintiffs brought suit on behalf of themselves and similarly situated individuals against their employers, Delta Packing Co. and Salinas Farms. (ECF No. 1.) Plaintiffs allege violations of the Fair Labor Standards Act ("FSLA") and certain California wage and hour provisions, including failure to pay overtime and minimum wage, give rest and meal break periods, and keep accurate payroll records. Defendants deny plaintiffs' individual claims as well as all class allegations. The case is currently in the pre-certification stage.

    Plaintiffs seek production from Salinas of timekeeping, payroll, wage statements, and class contact information for all current and former employees going back 4 years, as well as business owner information. Salinas has produced the plaintiffs' individual payroll records, but objects to this information for the putative class members. Salinas contends plaintiffs' requests are (A) violative of their employees' privacy rights under California law, and (B) "premature" at the pre-certification stage. The court finds otherwise, and grants in part plaintiffs' motion to

compel.

### A. A generalized right to privacy does not outweigh plaintiffs' right to discovery.

District courts have broad discretion "to direct a defendant employer to disclose the names and addresses of potential class members." See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). While the California Constitution contains an individual right to privacy, that right does not create a federally recognized privilege against all discovery. See Soto v. City of Concord, 162 F.R.D. 603, 615-616 (N.D. Cal. 1995). That said, "many federal courts have considered [this right to privacy] in discovery disputes." Tomassi v. City of Los Angeles, 2008 WL 4722393, at *3 (C.D. Cal. Oct. 24, 2008). However, the right of an employer to assert a privacy interest on behalf of its employees "is not absolute." Id. Instead, courts must weigh the asserted right to privacy against the relevance, necessity, and obtainability of the information sought. Id.

Here, Salinas asserts it is "duty bound to assert the right of privacy on behalf of employees whose records [i.e. payroll and contact information] are sought in discovery." (ECF No. 28 at 4.) Yet, asserting a privacy interest is merely a threshold assertion, as the California Supreme Court, in a similar discovery dispute, has explained: "Courts must instead *place the burden on the party asserting a privacy interest* to establish its extent and the seriousness of the prospective invasion, and against that showing must weigh the countervailing interests the opposing party identifies." Williams v. Superior Ct., 3 Cal. 5th 531, 557 (Cal. 2017) (emphasis added). Salinas engages in no such weighing, instead appearing to argue if the information is even arguably private, it is per se protected. This is not consistent with state law and the preference for liberal discovery. See, e.g., Tomassi, 2008 WL 4722393, at *3 (finding that "disclosure of mere contact information, such as names and addresses, does not unduly interfere with one's right to privacy") (citing Pioneer Elecs. (USA), Inc. v. Superior Ct., 40 Cal. 4th 360, 372 (2007)).

Turning to balancing, then, Salinas appears to be in sole possession and control of the relevant payroll records, and plaintiffs' only avenue to obtain the records is through discovery. As to the contact information of putative class members, the Supreme Court has established a rule of deference to class counsel in Rule 23 class actions. Gulf Oil Co. v. Bernard, 452 U.S. 89, 101-

102 (1981). Additionally, the court notes the parties have stipulated to a protective order—which appears to respect the private information on the records Salinas now seeks to withhold entirely from plaintiffs:

> 12.1 The information eligible for protection under this order includes: employee timekeeping records (timeclock data, punch cards, time sheets, employee schedules), employee payroll records (wage statements, paycheck stubs, payroll reports), employee contact information (names, addresses of residence, telephone numbers, email addresses).
>
> 12.2 [This information] is eligible for protection because 1) timekeeping records contain private, confidential information gathered from non-party individuals while they were employed by the Designating Party and will include information about an individual's daily work activities, 2) payroll records will include Social Security numbers, personal addresses, rates of pay, any legally required deductions that are not known by the public (such as deductions for child custody payments or other wage garnishment, 3) personal contact information is that is not otherwise available to the public in any other setting, and includes information about a non-party's personal residence.

(ECF No. 21.) Simply, permitting such communication with putative class members "for the purpose of notification and gathering information," is wholly appropriate at the precertification stage. Tomassi, 2008 WL 4722393, at *3 (citing Gulf Oil, 452 U.S. at 101-02).[1]

Salinas asserted at the hearing that the court should consider limiting discovery to only those potential class members' names and addresses, excluding phone and email information. Counsel provided no caselaw indicating the court should draw such a distinction. The court's own review of case law indicates that while some cases—some several decades old—have limited such discovery, Salinas makes no showing that the exclusion of such information is appropriate here. In fact, given the description of the classes in the complaint, it is highly likely that many of the class members are migrant workers. (ECF No. 1.) Limiting production to home address only would have the effect of severely inhibiting putative class counsel's ability to investigate the veracity of the class allegations. The Ninth Circuit has long held that discovery should not be barred in class actions where "discovery is necessary to determine the existence of a class or set

---

[1] However, when contacting putative class members, plaintiffs' counsel should also inform them that they are not compelled to speak to plaintiffs' counsel.

of subclasses." Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975).

Salinas's generalized privacy assertion cannot bar access to basic contact and payroll information, taking into account plaintiffs' claims and Salinas's sole possession of the records.

**B. Plaintiffs' request for potential class member information is not premature.**

"Courts generally err on the side of allowing discovery" in the pre-certification discovery stage, especially given that "often the pleadings alone will not resolve the question of class certification and some discovery will be warranted." Kress v. Price Waterhouse Coopers, 2011 WL 3501003 (E.D. Cal. Aug. 9, 2011) (citing Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009)). Moreover, "class counsel in Rule 23 class actions must be permitted communications with potential class members for the purpose of notification and gathering information, even prior to class certification." Gulf Oil, 452 U.S. at 101-02. At the pre-certification stage, federal courts consistently support the right of class counsel to conduct discovery aimed at locating other class members. Domingo v. New England Fish Co., 727 F.2d 1429, 1439 (9th Cir. 1984) (reversing district court's limiting potential class member discovery "because the district court failed to make specific findings of potential abuse").

Here, the putative class is defined in the complaint, pleadings allege the same causes of action for the same types of employees as the named plaintiffs. (See ECF No. 1) (listing claims such as failure to pay minimum wages and overtime wages, failure to provide meal and rest periods, and failure to pay wages of terminated or resigned employees.) Further, Salinas (and other defendants) have filed their answers denying liability, and so the case is firmly in the discovery phase. (ECF Nos. 8, 9, 10.) Under Rule 23, plaintiffs' counsel must be permitted to explore whether the alleged classes are viable, and also must be able to investigate plaintiffs' own allegations through the interview of percipient witnesses. Dissemination of the information at a later stage would have the likely effect of inhibiting plaintiffs' from demonstrating the viability of the class at the certification stage. Thus, Salinas's argument that this discovery is premature lacks support in the case law, and appears designed only to obstruct discovery in this case. See, e.g., Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 505 (C.D. Cal. 2011) (finding plaintiff was "entitled to reasonable pre-certification class-discovery" such as pay stubs and wage statements)

(citing Gulf Oil, 452 U.S. at 101-02); Kress v. Price Waterhouse Coopers, 2011 WL 3501003 (E.D. Cal. Aug. 9, 2011) (ordering production of putative class members' contact information, noting that "[c]ourts generally err on the side of allowing discovery in the pre-certification discovery stage, especially given that often the pleadings alone will not resolve the question of class certification and some discovery will be warranted.").[2]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Compel the following discovery responses (ECF No. 23) is GRANTED, as follows:

    a. Defendant shall provide substantive responses to Special Interrogatory No. 2 and Requests for Production Nos. 1-6 and 21, for the time periods and putative sub-classes specified in the complaint;

    b. Defendant shall provide a substantive response to Request for Production No. 34, subject to the parties' conferral on protective order language;

2. Defendant shall respond to these discovery requests within 28 days of this order; and

3. Plaintiffs' Request for Production #35 is DENIED, as defendant has indicated the documents do not exist.

Dated:  November 2, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

barb.1096

---

[2] In Salinas's initial response to plaintiffs' interrogatories and requests for production, the company at times asserted objections on vagueness/ambiguity and proportionality grounds. (See ECF No. 23-5 and -6.) However, these objections were not pressed in the joint letter, and so the court finds them waived.
Further, in the court's tentative ruling, the court indicated among other things that sanctions would be denied, and requested the parties indicate their position prior to the hearing. Plaintiffs' counsel agreed with the tentative ruling, and confirmed at the hearing that it would not press for sanctions. Thus, the court treats the request for sanctions as withdrawn.